## SOUTHCOMBE *v.* ARMSTRONG.

(*City Court of Brooklyn, General Term.* January 27, 1890.)

1. LIBEL AND SLANDER—EXCESSIVE DAMAGES.

Defendant accused plaintiff, a clerk in their employ, of stealing, and ordered him to leave, stating, "You are a damned thief." A fellow-clerk of plaintiff was the only other person present at the time. *Held,* that a verdict of $400 for the slander was not excessive.

2. SAME—INSTRUCTIONS.

The court charged that, if the jury believed plaintiff's statement, he was entitled to recover "such damages as will compensate him for the injury to his character," and in addition the jury could inflict punitive damages. Then, after defining the rights of an employer, the court continued: "You have a right to take all the circumstances in the case in determining whether you will punish him or not, if you reach that question, and the degree of malice, of course, will regulate and govern you to a large extent." *Held,* that it was not error for the court to refuse defendant's request for an instruction that if the jury believed there was no actual malice on defendant's part they should not give vindictive damages, the same proposition having been substantially charged.

Appeal from trial term.

An action for slander, brought by William E. Southcombe against William Armstrong. Verdict for plaintiff for $400. Defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*James C. Church,* for appellant.  *H. C. MacKrell,* for respondent.

OSBORNE, J. Defendant and his brother were copartners in the grocery business, and plaintiff was a clerk in their employ. On June 26, 1889, it was alleged by plaintiff that defendant accused him of stealing, and ordered him to leave, and further said: "You are a damned thief." One Litchenberg, also a clerk in the store, was the only other person present at the time. Plaintiff, for a further cause of action, also alleged that defendant uttered a similar charge against him on the following day. On the trial, plaintiff recovered a verdict of $400 for the first alleged slander, and the jury found in favor of the defendant on the second alleged slander. Defendant appeals

from the verdict so rendered against him, and also from the order denying a motion for a new trial.

The first contention of the learned counsel for the appellant is that the verdict is excessive. In this case, we cannot agree with him. We cannot infer from the amount of the verdict any indication that the jury were misled, or that their verdict was the result of passion or prejudice. The charge was a serious one, and, if believed, or even noised abroad, might seriously interfere with plaintiff's efforts to obtain other employment, and it is easy to see that the amount of the verdict may not compensate him for the actual damage he may sustain.

The learned counsel for the appellant further contends that, as the words alleged to have been spoken were in response to plaintiff's query as to why he was ordered to leave, defendant's statements were privileged, and that, as plaintiff had failed to prove actual or express malice, it was error to deny the motion to dismiss. We think that plaintiff made out a case for the jury, and it was for the jury to decide as to the degree of malice, if any. We might further add that the case does not show any contention or claim on the trial that the words uttered were privileged, and the question appears to be now raised for the first time, although an examination of the charge of the learned trial judge shows that he was very liberal to the defendant in defining his rights as an employer.

Defendant's counsel requested the court to charge "that if the jury believe there was no actual malice on the part of the defendant, that then they should not give a verdict for vindictive damages." The court replied, "I will not charge that any further than I have already charged it," and defendant's counsel excepted. This request of the learned counsel for the defendant was a correct statement of the law applicable to the case, and he was entitled to have the jury so charged, unless the court had already substantially done so. If it had already been substantially charged, then it was not error for the court to refuse to charge it again. It is well settled that the court, having once correctly charged the law, is not bound to repeat the same proposition in different language, simply because counsel so requests.

Referring to the charge of the trial judge, we find that he charged the jury that, if they believed plaintiff's statement, he was entitled to recover "such .damages as will compensate him for the injury to his character." The court further charged, having previously defined "malice," as follows: "The law says, in addition, [i. e., to compensatory damages,] that you can inflict punitive damages; that is, damages by way of punishing the party for recklessly or maliciously disregarding the rights of another. Now, in determining how much you should punish him, if you determine that you should punish him at all, it is for you to take into consideration all the circumstances." Then, after defining the rights of an employer, the court continued: "You have a right to take all the circumstances in the case in determining whether you will punish him or not, if you reach that question, and the degree of malice, of course, will regulate and govern you to a large extent." We think the above-quoted extracts from the charge of the learned trial judge correctly laid down the law to the jury on this branch of the case, and contained substantially the same proposition as in the request submitted. The other exceptions are untenable, and do not call for any discussion. The judgment and order appealed from should be affirmed, with costs.